## Kutz v. Kutz

*Arthur L. Jenkins Jr.* and *John M. Metzgar,* for plaintiff.

*Elissa J. Griffith,* for defendant.

REIBMAN, *J.,* April 3, 1992—Defendant Mitsuko Kutz, seeks to vacate or strike the divorce decree dated November 1, and ·entered against her on November 7, 1991. She took no action after being served with the complaint and the decree was entered pursuant to §3301(d) of the Divorce Code, 23 Pa.C.S. §3301(d). The entry of the decree had the additional effect of terminating spousal support she had been receiving from the plaintiff. She contends the decree was obtained because of extrinsic fraud in that the plaintiff knew of her alleged unfamiliarity with the English language, lack of education, inability to work and indigence, and failed to communicate such information to the court or otherwise ensure such conditions would not preclude a fair hearing or presentation of her case.

The parties were married on March 31, 1975, in Okinawa, Japan, where the plaintiff, a native-born American, was stationed while serving with the Armed Forces of the United States. The defendant, a native of Japan, graduated from high school on Okinawa and attended a dressmaking school. They moved to the United States

in 1977 and lived together at Ft. Bragg, North Carolina, and in Allentown before separating in 1980.

The defendant is 59 years old, has no relatives in the United States and has had no communication with the plaintiff since their separation in 1980, except in various court and support proceedings. Her native and dominant language is Japanese. She has had a series of jobs but has been unable to hold one because, at least in part, of her difficulty in communicating in English.

The plaintiff instituted the within divorce action on May 29, 1991. Service of the complaint was effected on August 7, 1991, by a deputy sheriff who personally handed a copy of it to the defendant and said, "These are divorce papers; just give them to your attorney." The defendant said, "O.K." In fact, she took no action and a decree was entered against her.

The defendant has some familiarity with English. During the course of the marriage, the parties communicated with each other in English and in Japanese. She watches English-speaking television and understands about one-half of the dialogue. She applied for and obtained her own apartment, communicated problems about it with the manager of the apartment complex, and has her own telephone. She reads English language newspapers and magazines with the help of a Japanese-English dictionary.

She also has some familiarity with English-speaking court proceedings and the role of an attorney in them. The plaintiff filed for divorce in November 1980. That action was dismissed in April 1990, pursuant to then Lehigh R.C.P. 532, which provided for the dismissal

of those cases which had been inactive for a period of two or more years. At various times during the course of that litigation, the defendant was represented by at least two attorneys and attended at least three hearings before a master. She consulted with her attorney during the hearings and was cross-examined by opposing counsel. She was involved in six separate conferences for support before the court's Domestic Relations Section. She even initiated some of them. Notices were sent to the defendant in English and she responded to them. All of the divorce and support proceedings were conducted in English without the assistance of a translator.*

In September 1985, the defendant appeared unannounced at the master's office and engaged the master in conversation. They communicated in English.

The defendant went to her domestic relations caseworker when she received notice of the termination of her spousal support order as a result of the entry of the divorce decree. He advised her to see one of the judges of this court. She did and counsel was appointed for her.

The defendant is not fluent in English, indeed, she may have considerable difficulty with it. But her knowledge of English and experience with the judicial system

---

* It appears the defendant hired a translator for at least two of the master's hearings in the earlier divorce action. It is not clear whether, or to what extent, they were utilized, or whether they even attended the hearings. Neither her attorneys nor the translators from the earlier action testified in support of her instant motion. The defendant and her attorney did utilize a translator at the hearing in support of her motion; however, plaintiff's counsel cross-examined the defendant in English without relying upon the translator.

were such that she should have appreciated personal service upon her of an official legal document by a deputy sheriff who told her to give it to her attorney were of such importance that, even if she did not understand the document or the situation, it was serious enough to require translation or further inquiry. See e.g., *Soberal-Perez v. Heckler,* 717 F.2d 36, 43 (2d Cir. 1983). She neither attempted to translate the document nor made further inquiry of anyone to assist her.

Section 3332 of the Divorce Code, 23 Pa.C.S. §3332, requires a showing of "extrinsic fraud" to vacate a decree or strike a judgment. Here, the parties have had limited contact with each other since their separation in 1980. During that time, the defendant has managed to live, read, communicate, obtain employment, engage counsel and litigate on her own without depending upon or receiving any assistance other than spousal support from the plaintiff. She has failed to establish the plaintiff, or anyone else, did some act or engaged in some conduct which prevented her from seeking a fair hearing or timely presentation to the court of her case. *Fenstermaker v. Fenstermaker,* 348 Pa. Super. 237, 243-245, 502 A.2d 185, 188-189 (1985).

## ORDER

And now, April 3, 1992, after hearing, it is hereby ordered and decreed defendant's motion to vacate or strike the divorce decree dated November 1, and entered on November 7, 1991, is hereby denied for the reasons set forth in the accompanying opinion.